PEOPLE v BLOUNT

Docket No. 70158. Submitted September 8, 1983, at Lansing.—Decided December 5, 1983.

Kenneth Blount was sentenced to a term of incarceration in the Hillsdale County jail upon his plea of guilty to violation of his probation, Hillsdale Circuit Court, Albert J. Neucom, J. Defendant appealed, alleging that the trial court erred in not consulting an updated presentence report and in not complying with the requirements of GCR 1963, 785.8. *Held:*

Consultation of an updated presentence report and compliance with GCR 1963, 785.8 is required, when sentencing a defendant after a finding of a probation violation, only where the defendant is being sentenced to prison, but not where a jail sentence is imposed.

Affirmed.

CRIMINAL LAW — SENTENCING — PROBATION VIOLATION — PRESENTENCE REPORT — COURT RULES.

A trial court, in imposing a sentence on a defendant upon finding a violation of his probation, is required to consult an updated presentence report and comply with GCR 1963, 785.8 only when imposing a prison sentence; such compliance is not required when sentencing the defendant to incarceration in the county jail (GCR 1963, 791.6).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Michael R. Smith,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*Robert W. Blackstock,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 527.

Defendant's right to disclosure of presentence report. 40 ALR3d 681.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and ALLEN, JJ.

D. E. HOLBROOK, JR., P.J. Defendant was convicted of uttering and publishing, MCL 750.249; MSA 28.446. Thereafter, on March 12, 1979, defendant was placed on probation. On January 12, 1983, defendant pled guilty to a probation violation. Thereafter sentenced to the Hillsdale County jail for a period not to exceed 11 months, defendant appeals as of right.

Defendant claims the trial court failed to sentence him based on an updated presentence report and failed to comply with GCR 1963, 785.8. We disagree.

GCR 1963, 791.6 controls the sentencing of probation violators. It states:

".6 Sentencing. If the court finds that the probationer has violated the conditions of probation or that the probationer has pled guilty to the violation as charged, the court may continue probation, modify the conditions of the existing probation, extend the probation period, or impose a *jail or prison sentence.* If the court revokes probation, the court may not impose a *prison sentence* on the probationer until it has received a current presentence report and complied with rule 785.8." (Emphasis supplied.)

We hold that the above-quoted statute requires a current presentence report and compliance with GCR 1963, 785.8 only when a *prison* sentence is imposed by the trial court. In the instant case defendant was sentenced to the county jail. Therefore, the trial court did comply with the requirements of GCR 1963, 791.6 and we find no reversible error.

Affirmed.